1

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Relic Sun (Cal. Bar No. 306701)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

Michael N. Litrownik (admitted *pro hac vice*)
mlitrownik@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060

Jason C. Marsili (SBN 233980)
jmarsili@posner-rosen.com
Brianna M. Primozic (SBN 274397)
bprimozic@posner-rosen.com
POSNER & ROSEN LLP
3600 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010
Telephone: (213) 389-6050
Facsimile: (213) 389-0663

*Attorneys for Plaintiffs and proposed Collective and Class Members*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

Thomas R. Kaufman (Cal. Bar No. 177936)
tkaufman@sheppardmullin.com
Paul Berkowitz (Cal Bar. No. 251077)
pberkowitz@sheppardmullin.com
Michael T. Campbell (Cal. Bar No. 293376)
mcampbell@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

*Attorneys for Defendant AT&T Services, Inc.*

18

19

20

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

21

22

23

24

25

26

27

28

| | |
|---|---|
| MARILYN DITO and WENDELL WALTON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>AT&T SERVICES, INC.,<br><br>        Defendant. | Case No. 15-cv-03653-VC<br><br>**STIPULATION & [PROPOSED] ORDER FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |

1    Plaintiffs Marilyn Dito and Wendell Walton ("Plaintiffs") and Defendant AT&T Services,

2    Inc. ("AT&T" or "Defendant") hereby stipulate and agree as follows:

3    WHEREAS, Plaintiff Marilyn Dito shall be removed as a named plaintiff from this action,

4    but shall remain an opt-in;

5

6    WHEREAS, Plaintiffs shall file the Fourth Amended Complaint attached hereto as

7    Exhibit A, replacing Marilyn Dito with Michael Mantonya as a named plaintiff and proposed

8    class representative;

9    WHEREAS, AT&T agrees that, pursuant to the parties' original venue agreement, it will

10   not move to transfer this action to a different venue based on the replacement of Ms. Dito with

11   Mr. Mantonya as named Plaintiff;

12   WHEREAS, the parties agree that Plaintiffs are deemed to have exhausted their PAGA

13   claim requirements to the full extent that Plaintiffs Walton, Ureta, and Dito have done so;

14

15   NOW, THEREFORE, it is hereby ORDERED that Plaintiffs are given leave to file the

16   Fourth Amended Complaint.  Plaintiffs are deemed to have exhausted their PAGA claim

17   requirements to the full extent that Plaintiffs Walton, Ureta, and Dito have done so.

18   Dated:  June 8, 2016                    By:  _/s/ *Jahan C. Sagafi*___
                                                   Jahan C. Sagafi
19

20                                           **OUTTEN & GOLDEN LLP**
                                             Jahan C. Sagafi (Cal. Bar No. 224887)
21                                           Relic Sun (Cal Bar No. 306701)
                                             One Embarcadero Center, 38th Floor
22                                           San Francisco, CA 94111
                                             Telephone: (415) 638-8800
23                                           Facsimile:  (347) 390-2187

24

25

26

27

28

STIPULATION & [PROPOSED] ORDER FOR
LEAVE TO FILE FOURTH AMENDED
COMPLAINT
CASE No. 15-cv-3653-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael N. Litrownik (admitted *pro hac vice*)
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060

Jason C. Marsili (Cal. Bar No. 233980)
Brianna M. Primozic (Cal. Bar No. 274397)
**POSNER & ROSEN LLP**
3600 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90010
Telephone: (213) 389-6050
Facsimile: (213) 389-0663

***Attorneys for Plaintiff and proposed Collective and Class Members***

Dated: June 8, 2016

By: */s/ Thomas R. Kaufman*
        Thomas R. Kaufman

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Thomas R. Kaufman (Cal. Bar. No. 177936)
Paul Berkowitz (Cal Bar. No. 251077)
Michael T. Campbell (Cal. Bar No. 293376)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

***Attorneys for Defendant AT&T Services, Inc.***

- 3 -

1

**ORDER**

2

It is so ORDERED.

3

4
Dated: June _9_, 2016                    By: _____

5
                                         The Honorable Vince Chhabria
                                         UNITED STATES DISTRICT JUDGE

6

**ATTESTATION**

7

8
      Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence

9
in the filing of this document has been obtained from the other signatory above.

10

11
Dated:  June 8, 2016                    By:_____  */s/ Jahan C. Sagafi*_____
                                                      Jahan C. Sagafi

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION & [PROPOSED] ORDER FOR
LEAVE TO FILE FOURTH AMENDED
COMPLAINT
CASE No. 15-cv-3653-VC

# Exhibit A

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Relic Sun (Cal. Bar No. 306701)
rsun@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

Michael N. Litrownik (admitted *pro hac vice*)
mlitrownik@outtengolden.com
Deirdre Aaron (admitted *pro hac vice*)
daaron@outtengolden.com
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060

Jason C. Marsili (Cal. Bar No. 233980)
jmarsili@posner-rosen.com
Brianna M. Primozic (Cal. Bar No. 274397)
bprimozic@posner-rosen.com
POSNER & ROSEN LLP
3600 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90010
Telephone: (213) 389-6050
Facsimile: (213) 389-0663

*Attorneys for Plaintiffs and proposed
Collective and Class Members*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| WENDELL WALTON and MICHAEL MANTONYA, individually and on behalf of all others similarly situated, | Case No. 15-cv-03653-VC |
| Plaintiffs, | **FOURTH AMENDED COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA WAGE AND HOUR LAWS** |
| v. | |
| AT&T SERVICES, INC., | **COLLECTIVE ACTION** |
| Defendant. | **CLASS ACTION** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs Wendell Walton and Michael Mantonya ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys at Outten & Golden LLP and Posner & Rosen LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs are training professionals employed by Defendant AT&T Services, Inc. ("AT&T"), classified as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and state law.  Plaintiffs bring this action on behalf of themselves and all other similarly situated training professionals, defined as Senior Training Managers working in Training Delivery ("Deliverers") and Training Design ("Designers"), who work or worked for AT&T at any time during the applicable liability period, and who are not subject to AT&T's Management Arbitration Agreement ("non-arbitration" individuals) (collectively, "Training Specialists").

2.      The primary duty of Plaintiffs and Training Specialists is to convey training information provided by others, including subject matter experts ("SMEs") and vendors, to client students within AT&T according to established AT&T policies, procedures, guidelines, and systems, using their skill and experience.

3.      AT&T has unlawfully classified Plaintiffs and Training Specialists as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt.  Plaintiffs and Training Specialists worked overtime hours, as defined by the applicable federal and state laws, and are and have been entitled to premium compensation at the appropriate rate ("overtime compensation") for all overtime hours worked.

4.      AT&T has willfully refused to pay Plaintiffs and other Training Specialists the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

5.      AT&T is a multinational telecommunications corporation, headquartered in Dallas, Texas.  AT&T is the 23rd largest company in the world.

6.      AT&T has employed Training Specialists at its locations nationwide.

FOURTH AMENDED COMPLAINT FOR VIOLATIONS OF
FLSA AND CALIFORNIA WAGE AND HOUR LAWS.
CASE NO. 15-CV-03653-VC

7.     Pursuant to AT&T's corporate policies, AT&T has classified Training Specialists as exempt from the overtime pay requirements of the FLSA and state law.

8.     By the conduct described herein, AT&T has willfully violated the FLSA and state law by failing to pay Training Specialists, including Plaintiffs, proper overtime wages as required by law.

9.     **The FLSA Collective:**  Plaintiffs seek to recover unpaid wages that AT&T owes to them and similarly situated current and former Training Specialists.  Plaintiffs bring this action under the FLSA, 29 U.S.C. §§ 201 et seq., on behalf of themselves and all similarly situated current and former Training Specialists who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

10.     **The California Class:**  Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former Training Specialists who worked for AT&T in California pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the California Labor Code §§ 226, 510, 1174, 1174.5, and 1194; California Wage Order 4-2001; and California Business and Professions Code §§ 17200 et seq., and related regulations.

11.     **The PAGA Group:**  Plaintiff Walton also brings this action on behalf of himself and all similarly situated current and former Training Specialists who worked for AT&T in California to recover penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698 et seq., for violations of the California Labor Code §§ 226, 510, 1174, 1174.5, and 1194 and California Wage Order No. 4-2001.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

13.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.     This Court has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

15.     This Court also has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1332(d).  There are more than 40 members of the proposed class.  At least some of the members of the proposed class are citizens of a different state than AT&T.  The claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

16.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and AT&T is subject to the Court's personal jurisdiction in this District.

18.     Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (e), intradistrict assignment to the San Francisco and Oakland Divisions is proper because a substantial part of the events that give rise to the claims asserted occurred in Alameda County.

## **THE PARTIES**

**Plaintiffs**

***Plaintiff Wendell Walton***

19.     Plaintiff Wendell Walton ("Walton") is a resident of Monrovia, California.

20.     Walton has been employed by AT&T from approximately July 2000 through the present.  From approximately January 2001 through the present, Walton has been employed by AT&T as a Senior Training Manager Design, which is a type of Training Specialist as defined herein.

21.     Walton worked for AT&T at one of their office locations in Montrose, California.

22.     Walton regularly worked more than 40 hours in a workweek, but was not paid for any hours he worked over 40.

23.     During the week of March 23 to March 29, 2015, Walton worked in excess of forty (40) hours.

24.     Defendants failed to keep accurate records of the hours that Walton worked as a Training Professional.

***Plaintiff Michael Mantonya***

25.     Plaintiff Michael Mantonya ("Mantonya") is a resident of Chino, California.

26.     Mantonya worked for AT&T from approximately March 1999 to approximately November 10, 2013.[1]  From approximately March 2007 through approximately November 10, 2013, Mantonya worked for AT&T in Anaheim, Cerritos, Pleasanton, Santa Clarita, Bakersfield, Camarillo, Fresno, Mammoth Lakes, and San Diego, California, among other locations as a Deliverer, which is a type of Training Specialist as defined herein.

27.     Mantonya regularly worked more than 40 hours in a workweek, but was not paid for any hours he worked over 40.  Specifically, during the week of October 28, 2013 through November 3, 2013, Mantonya worked more than 40 hours.

28.     AT&T failed to keep accurate records of the hours that Mantonya worked as a Training Specialist.

**Defendant AT&T Services, Inc.**

29.     AT&T Services, Inc. is a Delaware corporation doing business within Alameda County in the State of California and maintains corporate headquarters in Dallas, Texas at One AT&T Plaza, 208 South Akard Street.  AT&T Services, Inc. is a wholly-owned subsidiary of AT&T Inc.

## COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all non-arbitration Training Specialists who have worked for AT&T anywhere nationwide on or after August 11, 2012 (the "FLSA Collective").

---

[1]     From approximately 2004 to 2006, Mantonya was an employee of Cingular Wireless during the time that it acquired ownership of AT&T Wireless.

FOURTH AMENDED COMPLAINT FOR VIOLATIONS OF
FLSA AND CALIFORNIA WAGE AND HOUR LAWS.
CASE NO. 15-CV-03653-VC

1    31.    Plaintiffs are similarly situated to other Training Specialists.

2    32.    Plaintiffs and other Training Specialists are similarly situated in that they have

3    substantially similar job requirements and pay provisions, and are subject to AT&T's common

4    practice, policy, or plan of unlawfully characterizing Training Specialists as exempt employees

5    and refusing to pay them overtime in violation of the FLSA.

6    33.    AT&T is liable under the FLSA for, inter alia, failing to properly compensate

7    Plaintiffs and other Training Specialists.  There are many similarly situated current and former

8    Training Specialists who have not been paid for all hours worked over 40 in a workweek in

9    violation of the FLSA who would benefit from the issuance of a court-supervised notice

10   regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees

11   are known to AT&T, are readily identifiable, and can be located through AT&T's records, such

12   that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

13                          **CLASS ACTION ALLEGATIONS**

14   34.    Plaintiffs bring the Second, Third, Fourth, and Fifth Causes of Action under Rule

15   23 of the Federal Rules of Civil Procedure on behalf of themselves and all non-arbitration

16   Training Specialists who have worked for AT&T anywhere in California between May 18, 2011

17   and the date of final judgment in this matter (the "California Class").

18   35.    Excluded from the California Class are AT&T's legal representatives, officers,

19   directors, assigns, and successors, or any individual who has, or who at any time during the class

20   period has had, a controlling interest in AT&T; the Judge(s) to whom this case is assigned and

21   any member of the Judges' immediate family; and all persons who will submit timely and

22   otherwise proper requests for exclusion from the California Class.

23   36.    The persons in the California Class identified above are so numerous that joinder

24   of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege,

25   that AT&T has employed at least 100 persons who satisfy the definition of the California Class.

26   37.    AT&T acted or refused to act on grounds generally applicable to the California

27   Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

28   respect to the California Class as a whole.

FOURTH AMENDED COMPLAINT FOR VIOLATIONS OF
FLSA AND CALIFORNIA WAGE AND HOUR LAWS.
CASE NO. 15-CV-03653-VC

38.    There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

    a.   whether AT&T has unlawfully failed to pay the California Class members all overtime compensation owed, in violation  of the California Labor Code and related regulations, Cal. Labor Code §§ 226, 510, 1174, 1174.5, and 1194; Cal. Wage Order No. 4-2001; and the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200 et seq.;

    b.   Whether the California Class members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

    c.   Whether AT&T's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and AT&T's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

    d.   whether AT&T has unlawfully failed to keep and furnish the California Class members with accurate records of hours worked in violation of California Labor Code §§ 226 and 1174; and

    e.   the nature and extent of the California Class members' injuries and the appropriate measure of their damages.

39.    Plaintiffs' claims are typical of the claims of the California Class members they seek to represent.  Plaintiffs and the California Class members worked or work for AT&T as Deliverers or Designers in California and have been subjected to AT&T's policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek and/or 8 hours per workday.  AT&T acted and refused to act on grounds generally applicable to the California Class, thereby making declaratory relief with respect to the California Class appropriate.

40.     Plaintiffs will fairly and adequately represent and protect the interests of the California Class.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the California Class members to represent their interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the California Class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the California Class.  Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in her possession, and testify, if required, in a deposition and in trial.

41.     Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where the individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The California Class members have been damaged and are entitled to recovery as a result of AT&T's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the California Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about AT&T's practices.

43.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

44.     Plaintiffs define the California Class into two subclasses as follows:

45.     The California Deliverer Subclass includes all non-arbitration persons who worked

for AT&T as Deliverers in California between May 18, 2011 and the date of final judgment in this matter.

46.     The California Designer Subclass includes all non-arbitration persons who worked for AT&T in California as Designers between May 18, 2011 and the date of final judgment in this matter.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

47.     Plaintiff Walton brings the Sixth Cause of Action on behalf of himself and all Training Specialists, without regard to whether AT&T considers them subject to an arbitration agreement, who have worked for AT&T in California between May 18, 2014 and the date of final judgment in this matter (the "PAGA Group").

48.     This action is suitable for adjudication as a PAGA claim on a representative basis, with or without the additional claims asserted herein.

## COMMON FACTUAL ALLEGATIONS

49.     Pursuant to a centralized, company-wide policy, pattern, and/or practice, AT&T has unlawfully classified Plaintiffs and other Training Specialists as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt.

50.     As a result, AT&T failed to pay Plaintiffs and other Training Specialists for all of their hours worked, including for any of the overtime hours they worked over 40 in a workweek.

51.     AT&T failed to keep accurate records of the hours that Plaintiffs and other Training Specialists worked.

52.     All of the work that Plaintiffs and other Training Specialists have performed has been assigned by AT&T, and/or AT&T has been aware or should have been aware of all of the work that Plaintiffs and other Training Specialists have performed.

53.     As part of their regular business practice, AT&T has intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA.  This policy, pattern, and/or practice includes but is not limited to:

    a.      willfully failing to pay Plaintiffs and other Training Specialists proper

1                              overtime wages for hours that they worked in excess of 40 hours in a

2                              workweek; and

3                    b.      willfully failing to record and properly compensate for all of the time that

4                              Plaintiffs and other Training Specialists have worked for the benefit of

5                              AT&T.

6        54.     AT&T is aware or should have been aware that the FLSA requires them to pay

7   Plaintiffs and other Training Specialists an overtime premium for hours worked in excess of 40

8   hours per workweek.

9        55.     AT&T's conduct alleged herein has been widespread, repeated, and consistent, and

10  it is contrary to the FLSA.

11  **FIRST CAUSE OF ACTION**<br>**FLSA:  Unpaid Overtime Wages**<br>**Brought by Plaintiffs Individually and on Behalf of the Collective**

12

13        56.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

14  paragraphs.

15        57.     At all relevant times, Plaintiffs and other similarly situated current and former

16  Training Specialists were engaged in commerce and/or the production of goods for commerce

17  within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

18        58.     The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to

19  AT&T.

20        59.     AT&T was and is an employer of Plaintiffs and other similarly situated current and

21  former Training Specialists and are engaged in commerce and/or the production of goods for

22  commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

23        60.     At all relevant times, Plaintiffs and other similarly situated current and former

24  Training Specialists were and are employees within the meaning of 29 U.S.C. §§ 203(e) and

25  207(a).

26        61.     AT&T has failed to pay Plaintiffs and other similarly situated current and former

27  Training Specialists the wages to which they were entitled under the FLSA.

28        62.     AT&T's violations of the FLSA, as described herein, have been willful and

1   intentional.

2   63.     Because AT&T's violations of the FLSA have been willful, a three-year statute of

3   limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended by agreement,

4   equity or operation of law.

5   64.     As a result of AT&T's willful violations of the FLSA, Plaintiffs and other

6   similarly situated current and former Training Specialists have suffered damages by being

7   denied wages in accordance with 29 U.S.C. §§ 201 et seq., in amounts to be determined at trial

8   or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated

9   damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29

10  U.S.C. § 216(b).

11                          **SECOND CAUSE OF ACTION**
                  **California Wage Order No. 4-2001; California Labor**
12                **Code §§ 510, 1194:  Unpaid Overtime Wages**
       **Brought by Plaintiffs Individually and on Behalf of the California Class**
13
    65.     Plaintiffs reallege and incorporate by reference all allegations in all preceding
14
    paragraphs.
15
    66.     California law requires employers, such as AT&T, to pay overtime compensation
16
    to all non-exempt employees for all hours worked over 40 per workweek and over 8 per day.
17
    67.     Plaintiffs and the California Class members are non-exempt employees entitled to
18
    be paid overtime compensation for all overtime hours worked.
19
    68.     At all relevant times, Plaintiffs and the California Class members worked in excess
20
    of 40 hours in a workweek and 8 hours in a workday.
21
    69.     At all relevant times, AT&T failed and refused to pay Plaintiffs and the California
22
    Class members overtime premium pay for all of their overtime hours worked.
23
    70.     As a direct and proximate result of AT&T's unlawful conduct, as set forth herein,
24
    Plaintiffs and the California Class members have sustained damages, including loss of earnings
25
    for hours of overtime worked for the benefit of AT&T in an amount to be established at trial,
26
    prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**
**California Wage Order No. 4-2001; California Labor**
**Code §§ 226, 1174, & 1174.5:  Record-Keeping Violations**
**Brought by Plaintiffs Individually and on Behalf of the California Class**

71.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72.    AT&T knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, all hours worked, to Plaintiffs and the California Class members in accordance with California Wage Order No. 4-2001 and California Labor Code § 226(a).  Such failure caused injury to Plaintiffs and the California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, AT&T has failed to maintain accurate records of hours worked by Plaintiffs and the California Class members as required under Labor Code § 1174(d).

73.    Plaintiffs and the California Class members are entitled to and seek injunctive relief requiring AT&T to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FOURTH CAUSE OF ACTION**
**California Meal Period Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by Plaintiffs Individually and on behalf of the California Class**

74.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

75.    Plaintiffs and the California Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2000, § 11(a).

FOURTH AMENDED COMPLAINT FOR VIOLATIONS OF
FLSA AND CALIFORNIA WAGE AND HOUR LAWS.
CASE NO. 15-CV-03653-VC

76.     In addition, Plaintiffs and the California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and Wage Order No. 4-2000, § 12.

77.     As a result of AT&T's failure to afford proper meal periods, AT&T is liable to Plaintiffs and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

## FIFTH CAUSE OF ACTION
### California Business & Professions Code §§ 17200 et seq.:  Unfair Competition Brought by Plaintiffs Individually and on Behalf of the California Class

78.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL").  The UCL prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

80.     Beginning at a date unknown to Plaintiffs, but at least as long ago as four years prior to the filing of the Complaint, AT&T committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  AT&T's conduct as alleged herein has injured Plaintiffs and the California Class members by wrongfully denying them earned wages, and therefore was substantially injurious to them.

81.     AT&T engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a.     FLSA, 29 U.S.C. §§ 201 et seq.;

b.     California Labor Code § 1194;

c.     California Labor Code § 226;

d.      California Labor Code § 1174; and

e.      California Labor Code § 510.

82.    AT&T's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. AT&T's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

83.    The unlawful and unfair business practices and acts of AT&T, described above, have injured Plaintiffs and the California Class members in that they were wrongfully denied the payment of earned overtime wages.

84.    Plaintiffs, on behalf of themselves and the California Class, seek recovery of attorneys' fees and costs of this action to be paid by AT&T, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

85.    Plaintiffs, on behalf of themselves and the California Class, seek restitution in the amount of the respective unpaid wages earned and due, including for unpaid overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day.

## SIXTH CAUSE OF ACTION
### Violation of California's Private Attorneys General Act;
### Cal. Labor Code §§ 2699 et seq.
### Brought by Plaintiff Walton Individually and on Behalf of All Aggrieved Employees and the General Public

86.    Plaintiff Walton realleges and incorporates by reference all allegations in all preceding paragraphs.

87.    California's Private Attorneys General Act, Cal. Labor Code §§ 2698 et seq. ("PAGA"), provides that an aggrieved employee may bring a civil action on behalf of such employee and other current and former employees as well as the general public to recover for any violation of a provision of the California Labor Code, which provides for a civil penalty to be assessed and collected by the California Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies or employees (collectively, the

1  "LWDA").  The group of aggrieved employees on whose behalf this claim is asserted are

2  referred to herein as the "PAGA Group."

3       88.    Whenever the LWDA has discretion to assess a civil penalty, a court in a civil

4  action is authorized pursuant to PAGA to exercise the same discretion to assess a civil penalty

5  on behalf of aggrieved employees, subject to the same limitations and conditions.

6       89.    Plaintiff Walton and the other members of the PAGA Group are "aggrieved

7  employees," as defined by the California Labor Code, § 2699(c) in that they are all current or

8  former employees of AT&T, and one or more of the alleged violations was committed against

9  them.

10      90.    Plaintiff Walton, on behalf of the PAGA Group and the general public, in his

11 capacity as a private attorney general, seeks penalties under the California Labor Code and

12 PAGA for the violations alleged against AT&T in this complaint under California state law.

13      91.    Specifically, in such capacity, Plaintiff Walton alleges the following violations and

14 associated penalties:

15           a.    Failure to Pay Overtime Wages:  AT&T failed to pay all overtime wages

16                 due to Plaintiff Walton and the PAGA Group, in violation of the California

17                 Wage Order No. 4 and Cal. Labor Code §§ 510, 1194, as detailed herein.

18           b.    Failure to Provide Complete and Accurate Wage Statements:   AT&T

19                 failed to provide complete and accurate wage statements containing all

20                 wages due to Plaintiff Walton and the PAGA Group, in violation of the

21                 California Labor Code § 226(a) and the IWC Wage Orders, as detailed

22                 herein.

23           c.    Failure to Keep Accurate Payroll Records:  AT&T failed to provide

24                 complete and accurate wage statements regarding all wages due to Plaintiff

25                 Walton and the PAGA Group, in violation of the California Labor Code §

26                 1174 et seq. and the IWC Wage Orders, as detailed herein.

27      92.    These failures by AT&T were willful and constitute a violation of PAGA, thereby

28 entitling Plaintiff Walton to recover statutory penalties under the California Labor Code §§ 558

1    and 2599, et seq.

2        93.    Pursuant to the California Labor Code § 2699(a), (f) and (g) and related

3    provisions, Plaintiff Walton, as a private attorney general on behalf of the PAGA Group and the

4    general public, requests and is entitled to recover penalties against AT&T, jointly and severally,

5    for each member of the PAGA Group per pay period for the initial violation and for each

6    member of the PAGA Group per pay period for each subsequent violation, subject to any

7    applicable cap.

8        94.    On May 18, 2015, Plaintiff Walton provided written notice by certified mail to the

9    LWDA of the legal claims and theories of this case.

10       95.    On August 11, 2015, Plaintiff Anthony Ureta[2] provided written notice by certified

11   mail to the LWDA of the legal claims and theories of this case contemporaneous with the filing

12   of the Class and Collective Action Complaint in this action.

13       96.    On December 10, 2015, Plaintiff Marilyn Dito[3] also provided written notice by

14   certified mail to the LWDA of the legal claims and theories of this case.

15       97.    Pursuant to the California Labor Code § 2699(i), civil penalties recovered by the

16   PAGA Group shall be distributed as follows: seventy-five percent to the LWDA and twenty-five

17   percent to the aggrieved employees.

18       98.    Furthermore, Plaintiff Walton, as a private attorney general on behalf of all other

19   aggrieved employees, requests and is entitled to recover from AT&T, jointly and severally,

20   interest, attorney's fees and costs pursuant to California Labor Code §§ 210, 218.5, 1194(a), and

21   2699.

## **PRAYER FOR RELIEF**

23       **WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated

---

[2]     Plaintiff Anthony Ureta ("Ureta") commenced this instant action by filing a Complaint against AT&T on August 11, 2015.  On October 14, 2015, Ureta filed a First Amended Complaint that added Marilyn Dito as an additional named plaintiff and limited his own claims to only those under the PAGA.  Pursuant to the parties' January 25, 2016 Stipulation of Dismissal and this Court's January 27, 2016 Order, Ureta's PAGA claims against AT&T were dismissed without prejudice.
[3]     The Parties' Stipulated on June 8, 2016 to replace Plaintiff Marilyn Dito ("Dito") with Michael Mantonya as a named plaintiff in this action.

1  persons, pray for the following relief:

2      A.    Designation of this action as a collective action on behalf of the Collective and

3             prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

4      B.    Certification of the California Class pursuant to Rule 23 of the Federal Rules of

5             Civil Procedure;

6          i.    Certification of the California Deliverer Subclass pursuant to Rule 23 of

7                 the Federal Rules of Civil Procedure;

8          ii.    Certification of the California Designer Subclass pursuant to Rule 23 of the

9                 Federal Rules of Civil Procedure;

10      C.    Designation of Plaintiffs as Class Representatives of the California Class;

11      D.    A declaratory judgment that the practices complained of herein are unlawful under

12             the FLSA, California Labor Code, and UCL;

13      E.    An award of damages, according to proof, including liquidated damages, to be

14             paid by AT&T;

15      F.    Pre-judgment and post-judgment interest, as provided by law;

16      G.    Attorneys' fees and costs of action incurred herein, including expert fees; and

17      H.    Such other relief as this Court deems just and proper.

18  **<u>DEMAND FOR TRIAL BY JURY</u>**

19      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

20  by jury on all questions of fact raised by the Fourth Amended Class and Collective Action

21  Complaint.

22  Dated: June 8, 2016               Respectfully submitted,

23                                   By: */s/ Jahan C. Sagafi*

24                                     Jahan C. Sagafi

25                                **OUTTEN & GOLDEN LLP**
Jahan C. Sagafi (Cal. Bar No. 224887)

26                                Relic Sun (Cal. Bar No. 306701)
One Embarcadero Center, 38th Floor

27                                San Francisco, CA 94111
Telephone: (415) 638-8800

28                                Facsimile:  (415) 638-8810

1

2
                   Michael N. Litrownik (admitted *pro hac vice*)

3
                   3 Park Avenue, 29th Floor
                   New York, NY 10016
                   Telephone: (212) 245-1000

4
                   Facsimile:  (646) 509-2060

5
                   **POSNER & ROSEN LLP**

6
                   Jason C. Marsili (Cal. Bar No. 233980)
                   Brianna M. Primozic (Cal. Bar No. 274397)

7
                   3600 Wilshire Boulevard, Suite 1800
                   Los Angeles, CA 90010

8
                   Telephone: (213) 389-6050
                   Facsimile: (213) 389-0663

9

10
                   ***Attorneys for Plaintiffs and proposed Collective and Class Members***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28