Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Relic Sun (Cal. Bar No. 306701)
rsun@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Michael N. Litrownik (*pro hac vice*)
mlitrownik@outtengolden.com
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Jason C. Marsili (Cal. Bar No. 233980)
jmarsili@posner-rosen.com
Brianna M. Primozic (Cal. Bar No. 274397)
bprimozic@posner-rosen.com
POSNER & ROSEN LLP
3600 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010
Telephone: (213) 389-6050
Facsimile: (213) 389-0663

*Attorneys for Plaintiffs, the Collective,
and Proposed Class Members*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| WENDELL WALTON and MICHAEL MANTONYA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T SERVICES, INC.,<br><br>Defendant. | Case No. 15-cv-03653-VC<br><br>[PROPOSED] ORDER **AS MODIFIED** GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT |

1    On October 12, 2017, a hearing was held on the motion of Plaintiffs Wendell Walton and

2    Michael Mantonya ("Plaintiffs") for an order to (1) conditionally certify a settlement class; (2)

3    preliminarily approve the parties' proposed class action settlement (the "Settlement"); (3) appoint

4    Plaintiffs as the Class Representatives, their counsel as Class Counsel, and JND Legal

5    Administration, as Settlement Administrator; (4) approve the forms of notice to the class of the

6    settlement and the Claim Form; and (5) schedule a hearing on the final approval of the Settlement

7    for January 25, 2018  (the "Preliminary Approval Motion").  Jahan C. Sagafi, Relic Sun, Michael

8    Litrownik, Jason Marsili, and Brianna Primozic appeared for Plaintiffs.  Thomas Kaufman, Paul

9    Berkowitz, and Michael Campbell appeared for Defendant AT&T Services, Inc. ("AT&T").

10   The Court's scrutiny of the proposed settlement is as rigorous at the preliminary approval

11   stage as at the final approval stage.  *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D.

12   Cal. 2016).  Having considered the papers on the motion, the arguments of counsel, and the law,

13   the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS

14   as follows:

15   **I.    NATURE OF ACTION**

16   Plaintiffs allege that AT&T violated wage and hour laws by misclassifying class members

17   as exempt, and, as a result, unlawfully denying overtime compensation and violating meal and

18   rest period laws and related California laws.

19   AT&T disputes and denies all of Plaintiffs' claims.  AT&T contends that it has fully

20   complied with all applicable laws at issue in this matter.

21   **II.   CONDITIONAL CERTIFICATION OF CALIFORNIA SETTLEMENT CLASS
        UNDER RULE 23**

22

23   **A.    Rule 23 Settlement Class And FLSA Collectives**

     For settlement purposes only, the Parties have proposed conditional certification of the

24   settlement class comprising all individuals who worked for AT&T who are not bound by the

25   Management Arbitration Agreement ("MAA"), and who worked as a Designer or Deliverer (1)

26   from May 18, 2011 to March 1, 2018 or preliminary approval of the settlement (whichever is

27   sooner) for California-based employees ("California Class Members") (a Rule 23 class); (2) from

28

May 18, 2012 to March 1, 2018 or preliminary approval of the settlement (whichever is sooner) for non-California employees who have already opted in to the collective action ("Existing Opt-Ins") (an FLSA collective); or (3) from August 18, 2014 to March 1, 2018 or preliminary approval of the settlement (whichever is sooner) for non-California employees who have not yet opted in to the collective ("Future Opt-Ins") (an FLSA collective).  The Parties also propose a PAGA Representative Group defined as all those who have worked as a Designer or Deliverer in California from May 18, 2014 to March 1, 2018 or preliminary approval of the settlement (whichever is sooner), regardless of whether they are bound by the MAA.

### B.    Conditional Rule 23 Certification

The Court hereby finds and concludes that for purposes of the Settlement only, the California Settlement Class (item 1 of the three listed above) satisfies all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

1.    The California Settlement Class is sufficiently numerous that joinder is impracticable.

2.    The members of the California Settlement Class share common issues of fact and law regarding (i) whether AT&T's practice of classifying Class Members as exempt violates the FLSA and state wage laws; (ii) whether AT&T failed to pay overtime compensation in violation of the FLSA and state wage laws; (iii) whether AT&T's policies and lack thereof violate the California meal period or rest break laws; and (iv) the proper method of calculating damages if the above violations are proven.

3.    Each Class Representative's claims are typical of those of the Class he proposes to represent, because they arise out of the same policies and practices and course of conduct complained of by all California Class Members.

4.    Each Class Representative is an adequate representative of the Class he proposes to represent, because his interests are co-extensive with those of the California Class Members, and he has retained experienced counsel to represent him and the California Class Members.

5.     Questions of law or fact common to the California Settlement Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.     Because certification of the California Settlement Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby certifies the Class under Rule 23(a) and (b)(3).

## III.     APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

### A.     Class Representatives

The Court finds and concludes that each Class Representative has claims typical of the Members of the Class he proposes to represent, and he is an adequate representative of the Class he seeks to represent.  The Court hereby appoints Plaintiffs to serve as Class Representatives.

### B.     Class Counsel

The Court finds and concludes that Outten & Golden LLP and Posner & Rosen LLP have, separately and collectively, extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions.  The Court appoints these firms as Class Counsel.

## IV.     PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims.  The Court has also read and considered the declarations of Jahan C. Sagafi and Jason C. Marsili in support of preliminary approval.  At the hearing on the motion for preliminary approval, counsel for the parties satisfactorily addressed the questions left open by these papers.  Accordingly, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties conducted after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.  The assistance of an experienced mediator in the settlement process supports the finding that the Settlement is non-collusive.  Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval.  The Settlement has no obvious

-3-

defects and falls within the range of possible approval as fair adequate, and reasonable, such that notice to the Class Members is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

## V.    APPROVAL OF THE NOTICE PLAN

The Parties have also submitted for this Court's approval a proposed class notice (Exhibit A to the Settlement Agreement). After carefully reviewing these documents, the Court finds and concludes as follows:

### A.    Best Notice Practicable

The Class Notice is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the Settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of appropriate information about: (1) the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) Plaintiffs' forthcoming application for the Class Representative and Witness Enhancement Awards, and the Class Counsel Attorneys' Fees and Costs Award; (3) how Class Members' settlement shares will be calculated; (4) this Court's procedures for final approval of the Settlement, and about Class Members' right to appear through counsel if they desire; (5) how to submit a claim form (if applicable), comment on or opt out of the Settlement, if a Class Member wishes to do so, (6) the requirement that each Class Member who wishes to recover money must sign the Arbitration Agreement agreeing to individual arbitration of any future claims against AT&T; and (7) how to obtain additional information regarding this action and the Settlement. The Court preliminarily approves the requirement that Class Members must sign the Arbitration Agreement to the extent that such an agreement is permissible under the National Labor Relations Act or other applicable law at the time the provision is invoked.

The proposed plan for distributing the Class Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Class Notice to all Class Members by first-class mail

-4-

1    and e-mail to their last known mailing and e-mail addresses.  There is no additional method of

2    distribution that is cost-effective and would be reasonably likely to notify Class Members who

3    may not receive notice pursuant to the proposed distribution plan.  In addition, the Settlement

4    Administrator will send reminder notices by mail and email to those who have failed to opt out or

5    submit all required forms (including the Arbitration Agreement) by the time the response deadline

6    approaches.

7          **B.**       <u>**CAFA Notice of Proposed Settlement**</u>

8          Within ten days after Plaintiffs' Preliminary Approval Motion was filed, notice of the

9    Settlement was mailed to the Attorney General of the United States of America and the

10    appropriate state official in each state in which, based on AT&T's records of last known mailing

11    address, Class Members reside; and the notice contains the documents required by 28 U.S.C.

12    section 1715(b)(1)-(8).  On this basis, the notice of the Settlement is approved and the Court finds

13    that AT&T has discharged its obligations under CAFA to provide notice to the appropriate

14    federal and state officials.

15          **C.**       <u>**Approval**</u>

16          Accordingly, the Court finds and concludes that the proposed plan for distributing the

17    Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule

18    23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby

19    orders as follows:

20          1.       The Class Notice, Claim Form, Notice Envelope, and Reminder Postcard are

21    approved.

22          2.       The CAFA Notice of Proposed Settlement is approved.

23          3.       The manner of distributing the Class Notice to the Class Members is approved.

24          4.       Promptly following the entry of this order, the Settlement Administrator will

25    prepare final versions of the Class Notice, incorporating into them the relevant dates and

26    deadlines set forth in this order.

27          5.       Within ten (10) business days following entry of this order, AT&T will provide the

28

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL TO
CLASS ACTION SETTLEMENT
CASE NO. 15-cv-3653-VC

Settlement Administrator with a database in Excel format ("Class Data List"), that lists, for each Class Member, the Class Member's name, Social Security number, last known home address, telephone number, and e-mail address(es), the Class Member's dates of employment in a covered class position (a) as a California employee and (b) as a non-California employee, Class Members' job title(s) while in a covered class position and dates of the job title(s), and whether the class member is an Existing Opt-In.

6.      Within ten (10) calendar days after receipt of the Class Data List, the Settlement Administrator will send the Notice to all Class Members, by first-class mail to their last known address, and by email to their last known email address(es).

7.      The Settlement Administrator will perform two skip-traces on returned mail and re-mail the Notice and Claim Form (if applicable) to an updated address (if any) as soon as possible upon return of the undeliverable Notice, but no later than fifteen (15) days of receiving notice that a Notice was undeliverable.  Class Counsel may make reasonable efforts to supplement the Settlement Administrator's communications.

8.      Plaintiffs will file with their motion for final approval a declaration from the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice, and will file prior to the hearing on the motion a supplemental declaration from the Settlement Administrator as applicable.

9.      The Settlement Administrator will take all other actions in furtherance of settlement administration as are specified in the Settlement.

## VI.      PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.      Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for January 25, 2018, at 10:00 a.m.  The date of the hearing may be changed without further notice to the Class.  However, Plaintiffs are responsible for promptly updating the case website with information about any such change.

### B.    Deadline to Opt In to the Settlement

California Class Members and Existing Opt-Ins are deemed to have already filed Claim Forms (unless they affirmatively opt out of the settlement). Although the California Class Members and Existing Opt-Ins do not have to submit claim forms, they must sign the Arbitration Agreement to receive payment. All Future Opt Ins must submit a Claim Form to be covered by the lawsuit (i.e., release claims) and sign the Arbitration Agreement to receive payment.

Class Members will have forty-five (45) days from the date of the Notice mailing to submit a Claim Form (if applicable) to the Settlement Administrator. For mailed submissions, any item mailed by the deadline, as evidenced by a postmark, shall be deemed to be timely. Submissions may be filed by mail, fax, email, or online website submission.

### C.    Deadline to Opt Out of the Settlement

#### 1.    Form of Opt-Out Request

Any Class Member may opt out of participating in the Settlement by submitting a signed letter to the Settlement Administrator stating that he or she wishes to be excluded from the Settlement. The letter must include the Class Member's name, address, telephone number, and signature, as well as the Class Member's AT&T employee ID number or last four digits of the Class Member's Social Security number.

#### 2.    Deadline for Submitting Opt-Out Request

A completed opt-out request will be deemed timely submitted to the Settlement Administrator if it is mailed to the Settlement Administrator by first-class mail and postmarked by not later than forty-five (45) days after the Settlement Administrator first mails the Class Notice to Class Members. Only those Class Members who submit their opt-out request within the time and by the manner set forth in this Order will be excluded from the Settlement. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class Member who properly opts out of the Settlement in the manner required by this Order.

### D.    AT&T's Right to Rescind Agreement

If twenty-five (25) or more of the eligible Class Members validly opt out pursuant to the process set forth herein, AT&T will have the right to rescind the Settlement within thirty (30)

-7-

days of expiration of the opt-out deadline, and the Settlement and all actions taken in its furtherance will be null and void.  If AT&T exercises this option, it will be solely responsible for the Settlement Administrator's costs incurred up to that date.

### E. <u>Deadline for Filing Comments on or Objections to Settlement</u>

Any Class Member who wishes to comment on or object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing.  Class Members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval Hearing, in person or through counsel, but only if they (a) have given written notice of their intent to appear at the hearing as provided in the Class Notice or (b) can show good cause why they could not provide such notice.  To be considered, any comment on or objection to the final approval of the Settlement must (a) clearly identify the case name and number (*Walton v. AT&T Services, Inc.*, Case Number 15 Civ. 3653), (b) be submitted to the Court either by mailing the comment or objection to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked within forty-five (45) days after the date of the Notice mailing.  Any Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown.  The Court will only require substantial compliance with the requirements for submitting an objection.

### F. <u>Deadline for Mailing and Cashing Settlement Share Checks</u>

Every Class Member who does not opt out of the Settlement will be eligible to receive his or her share of the Net Fund Value.  No later than ten (10) business days after the "effective date" of final approval of the settlement, as defined in the Settlement, AT&T will issue to the Claims Administrator payment of the Gross Fund Value.  Within ten (10) business days after receiving

-8-

payment from AT&T, the Claims Administrator will distribute the funds from the GFV, including mailing settlement checks to Qualified Claimants, making attorneys' fees and cost payments, and making class representative and witness enhancement payments. Qualified Claimants will have one hundred eighty (180) calendar days from the date of issuance written on the check to cash their Settlement Share checks, after which time the checks will expire. Should there remain any residual from the Gross Fund Value after all payments are made under this Settlement, for example, if any settlement checks remain uncashed more than 180 calendar days after mailing, the Claims Administrator shall redistribute to participating class members pro rata if feasible, or else will pay the funds represented by such un-redeemed checks to the California Industrial Relations Unclaimed Wages Fund with an identification of the participating class member.

### G. Deadline for Submitting Motion Seeking Final Approval

Not later than thirty-five (35) days before the Final Approval Hearing, Plaintiffs will file a motion for final approval of the Settlement.

### H. Deadline for Motion for Approval of Class Representative Payment

Not later than fourteen (14) days before the expiration of the 45-day opt-out and objection period, Class Counsel may file a motion for approval of Class Representative Payments. Not later than fourteen (14) days before the Final Approval Hearing, Class Counsel may file a reply brief providing additional information and argument and/or responding to any opposition to the motion.

### I. Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award

Not later than fourteen (14) days before the expiration of the 45-day opt-out and objection period, Class Counsel may file a motion for approval of their Class Counsel Attorneys' Fees and Costs Payment. Not later than fourteen (14) days before the Final Approval Hearing, Class Counsel may file a reply brief providing additional information and argument and/or responding to any opposition to the motion.

## VII. PLAINTIFFS' AND CLASS MEMBERS' RELEASE

If, at the Final Approval Hearing, this Court grants final approval to the Settlement,

-9-

Plaintiffs and every Class Member who does not opt out will, pursuant to the Settlement, be adjudicated to have granted the release of Covered Claims as set forth in the Settlement. Each Qualified Claimant, by cashing his or her Settlement Check, releases all Covered Claims under as set forth in the Settlement.

## VIII.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR

JND Legal Administration is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

## IX.   SCHEDULING ORDER

The following schedule sets for the sequence for the relevant dates and deadlines based on the preliminary approval of the Settlement on October 19, 2017.

| Event | Date |
|---|---|
| AT&T sends Class Data List to Settlement Administrator | Thursday, November 2, 2017 |
| SA sends out Class Notice | Monday, November 13, 2017 |
| SA sends out remailings | Tuesday, December 8, 2017 |
| Final approval and fee motions due | Thursday, December 14, 2017 |
| Deadline to submit Claim Forms, Exclusions, and/or Objections | Thursday, December 28, 2017 |
| SA submits report to parties | Thursday, January 4, 2018 |
| AT&T decides whether to rescind the settlement | Wednesday, January 17, 2018 |
| Class Counsel reply brief(s) in support of final approval motion and/or fee application | Thursday, January 11, 2018 |
| Fairness Hearing | Thursday, January 25, 2018, 10:00 a.m. |
| Settlement is final | Thursday, January 25, 2018[1] |
| AT&T funds QSF | Wednesday, January 31, 2018 |
| SA mails settlement checks to Qualified Claimants, makes attorneys' fees and cost payments, and makes class representative and witness enhancement payments | Wednesday, February 14, 2018 |

---

[1] This date assumes that the Final Approval Order is entered on the date of the Final Fairness Hearing and no appeal is filed.

| | |
|---|---|
| Qualified Claimants' deadline to cash checks | Monday, August 13, 2018 |

IT IS SO ORDERED.

Dated: October 16 ~~19~~, 2017

_____

The Honorable Vince Chhabria
United States District Judge